UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SHIRAJ ULLAH, *et al.*,                                  :
                                                         :
                               Plaintiffs,               :
                                                         :          **MEMORANDUM & ORDER**
               -against-                                 :              **23-cv-6815 (DLI)**
                                                         :
DIRECTOR OF U.S. DEPARTMENT OF STATE                     :
NATIONAL VISA CENTER CONN SCHRADER.,                     :
*et al.*,                                                :
                                                         :
                               Defendants.               :
--------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Shiraj Ullah and his foreign national relatives Abdur Rahman, Nazma Akther, Nishat Subha Joy, and Abrar Shariar Ratul ("Plaintiffs") bring this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06; and the Mandamus Act, 28 U.S.C. § 1361, to compel Conn Schrader, Director of U.S. Department of State National Visa Center, Peter Haash, U.S. Ambassador to Bangladesh, Antony Blinken, U.S. Secretary of State, and Merrick Garland, U.S. Attorney General (collectively, "Defendants"), to adjudicate the visa applications of Plaintiff Rahman and his three derivative beneficiaries, Plaintiffs Akther, Joy, and Ratul (collectively, the "Applicant Plaintiffs"). *See*, Complaint ("Compl."), Dkt. Entry No. 1. Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) for lack of subject matter jurisdiction and failure to state a claim. *See*, Defs.' Mot. to Dismiss ("Defs.' Mot."), Dkt. Entry No. 8-1. Plaintiffs opposed the motion. Pl. Opp'n ("Opp'n"), Dkt. Entry No. 14. Defendants replied. Reply, Dkt. Entry No. 16. For the reasons set forth below, Defendants' motion is granted for lack of subject matter jurisdiction and the case is dismissed.

**BACKGROUND**

Except as otherwise indicated, the following facts are as alleged in the complaint. The Applicant Plaintiffs are citizens of Bangladesh. Compl. ¶ 1. Plaintiff Ullah is a United States citizen. Declaration of Matthew McNeil ("McNeil Decl.") ¶ 4, Dkt. Entry No. 8-2. Plaintiff Ullah filed a form I-130 Petition for an Immediate Relative Visa, and a case was created with the Department of State's National Visa Center on November 30, 2018. *Id.* at ¶¶ 4–5. On July 25, 2022, the Applicant Plaintiffs were interviewed at the U.S. Embassy in Dhaka, Bangladesh. *Id.* at ¶ 8; Compl. ¶ 2. That same day, a consular officer refused the Applicant Plaintiffs' visas pursuant to the Immigration and Nationality Act ("INA") § 221(g) after concluding that additional documentation and security screening were required. McNeil Decl. ¶ 8; Opp'n at 5.

Plaintiffs submitted additional documentation, but the security screening remains ongoing. McNeil Decl. ¶¶ 9–10. Plaintiffs argue that the delay has caused them "significant hardship . . . because it perpetuates the[ir] separation and prevents the reunification of the family." Compl. ¶ 3. Thus, Plaintiffs ask this Court to compel adjudication of their visa applications. *Id.* at ¶ 19.

**DISCUSSION**

**I.       Standard of Review**

In evaluating a motion to dismiss pursuant to Rule 12(b)(1), the court accepts as true all factual allegations in the complaint, but should not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F. 3d 107, 110 (2d Cir. 2004) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F. 3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys.,*

*Inc.*, 426 F. 3d 635, 638 (2d Cir. 2005).  In determining the existence of subject matter jurisdiction, a district court may consider evidence outside the pleadings.  *Makarova*, 201 F. 3d at 113.  Subject matter jurisdiction is a threshold issue and, thus, a district court must consider a challenge to subject matter jurisdiction before other grounds for dismissal.  *Rich v. New York*, 2022 WL 992885, at \*3 (S.D.N.Y. Mar. 31, 2022) (citing *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F. 2d 674, 678 (2d Cir. 1990)).  Accordingly, the Court must address subject matter jurisdiction first.[1]

## II.        The Doctrine of Consular Nonreviewability

Defendants argue that review of the complaint is barred by the doctrine of consular nonreviewability.  Defs.' Mot. at 16–23.  Consular nonreviewability refers to the "long-standing judicial practice of refusing to review a consular official's decision to issue or withhold a visa." *Am. Acad. of Religion v. Chertoff*, 463 F. Supp.2d 400, 417 (S.D.N.Y. Jun. 23, 2006) (citing *Saavedra Bruno v. Albright*, 197 F. 3d 1153, 1159 (D.C. Cir. 1999)).  Congress, through its plenary powers, has vested United States consular officers with the exclusive power to issue or deny visas. *See*, 8 U.S.C. § 1101(a)(9), (16); 8 U.S.C. § 1201(a); 8 U.S.C. § 1104(a)(1) ("The Secretary of State shall be charged with the administration and the enforcement of . . . immigration and nationality laws relating to (1) the powers, duties, and functions of diplomatic and consular officers of the United States, *except those powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas.*" (emphasis added)). "This doctrine of consular non-reviewability reflects the plenary power of Congress 'to prescribe the terms and conditions upon which [aliens] may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention.'" *Khanom v. Kerry*,

---

[1] The Court need not address Defendants' other arguments because the doctrine of consular nonreviewability bars judicial review of this case.

37 F. Supp.3d 567, 574 (E.D.N.Y. Jul. 15, 2014) (quoting *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978)).

The doctrine is well established and beyond dispute. "The power of congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications." *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972) (quoting *Lem Moon Sing v. United States*, 158 U.S. 538, 547 (1895)). In sum, the judiciary "[may] not interfere with the visa-issuing process" unless an American citizen's or legal resident's constitutional rights are implicated. *Hsieh*, 569 F. 2d at 1181; *Am. Acad. of Religion*, 463 F. Supp.2d at 417 ("[T]he doctrine [of consular nonreviewability] does not apply in cases brought by U.S. citizens raising constitutional, rather than statutory claims.").

Plaintiffs argue that the refusal of their visas pursuant to § 221(g) was not a "final" decision, and consular nonreviewability only bars judicial review of a consular officer's decisions, not "unreasonable delay in issuing a final decision to begin with." Opp'n at 6–9. Thus, Plaintiffs request that the Court compel adjudication of their visa applications, not question a final decision. *Id.* Defendants counter that the visas were adjudicated fully despite the ongoing security screening, and, thus, the consular officer's decision is nonreviewable. Defs.' Mot. at 18–20.

However, the majority of courts within this circuit do not distinguish between the two types of actions as Plaintiffs do here. *Hettiarachchige v. Bitter*, 2022 WL 17738771, at *2 (S.D.N.Y. Dec. 16, 2022). This Court and a majority of others in this circuit have applied the doctrine both to actions challenging an official's final decision and actions seeking adjudication of a visa application. *See*, *Nurjahan v. U.S. Dep't of State*, 2023 WL 2931581, at *2 (E.D.N.Y. Apr. 13,

4

2023) ("[T]he doctrine of consular nonreviewability applies not only when a plaintiff challenges an official's discretionary decision to approve or deny a visa application, but also where a plaintiff seeks to compel an official to simply adjudicate a visa application."); *Abdo v. Tillerson*, 2019 WL 464819, at *3 (S.D.N.Y. Feb. 5, 2019) (collecting cases); *Foad v. Holder*, 2015 WL 1540522, at *3 (E.D.N.Y. Apr. 7, 2015) (Irizarry, J.) ("This Court is bound by the well settled doctrine of consular non-reviewability and cannot mandate Defendants, including United States embassy officials, to adjudicate Plaintiffs' immigration requests."). There simply is no statutory or Second Circuit authority that "bestow[s] upon a federal court the power to order a consulate to adjudicate a visa application by some judicially determined calendar." *Saleh v. Holder*, 84 F. Supp.3d 135, 139 (E.D.N.Y. Nov. 4, 2014).

While, as Plaintiffs observe, a minority of courts in this circuit have held that the doctrine does not prohibit judicial review of undue delay claims, this Court and others within this circuit do not adhere to this minority view. Opp'n at 6–8; *See also*, *Ahmed v. Bitter*, 2024 WL 22763, at *5 (E.D.N.Y. Jan. 2, 2024); *Khanom v. Kerry*, 37 F. Supp.3d 567, 577 n. 10 (E.D.N.Y. Jul. 15, 2014); *Ceken v. Chertoff*, 536 F. Supp.2d 211, 216 (D. Ct. 2008); *Am. Acad. of Religion v. Chertoff*, 463 F. Supp.2d 400, 421 (S.D.N.Y. Jun. 23, 2006); *Kim v. Ashcroft*, 340 F. Supp.2d 384, 388–90 (S.D.N.Y. Jul. 27, 2004). Plaintiffs' out of circuit authority is neither binding nor persuasive in light of authority within this circuit to the contrary. *See*, Opp'n at 7 (collecting cases).

Moreover, none of the statutes cited by Plaintiffs allow the Court to review their claims. Plaintiffs assert that this Court has jurisdiction pursuant to: (1) federal question jurisdiction, 28 U.S.C. § 1331; and (2) the APA, 5 U.S.C. § 702. *See*, Compl. ¶ 10; Pl. Opp'n at 10. However, these statutes do not provide a freestanding basis for jurisdiction. *See*, *Foad*, 2015 WL 1540522 at *3 (APA, Declaratory Judgment Act, and Mandamus Act did not provide a basis for

jurisdiction); *Morales v. Goldbeck*, 2013 WL 937825, at *4 & n.3 (E.D.N.Y. Mar. 11, 2013) (Irizarry, J.) (INA, APA, and Mandamus Act did not allow the court to review consulate's decision); *Khanom*, 37 F. Supp. at 576 (28 U.S.C. § 1331 did not confer jurisdiction "because there [was] no federal right upon which to predicate the Court's federal question jurisdiction").

While consular nonreviewability's jurisdictional bar is not absolute, it yields only when the constitutional, rather than statutory, rights of American citizens or legal residents are implicated. *See*, *Foad*, 2015 WL 1540522 at *3; *Morales*, 2013 WL 937825 at *3 (citing *Am. Acad. of Religion*, 463 F. Supp.2d at 417). Plaintiff Ullah is an American citizen, but he has not alleged that his constitutional rights have been violated. Furthermore, the Applicant Plaintiffs are neither American citizens nor legal residents, and, thus, the exception does not apply to them. Accordingly, the Court finds that it lacks subject matter jurisdiction over this case.

## III.    Leave to Amend

"[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). If repleading would be futile, courts should refrain from granting leave to amend. *See*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Plaintiffs have not explained how they would amend the complaint to remedy the jurisdictional deficiency at issue. *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) ("[A]n amendment is not warranted absent some indication as to what appellants might add to their complaint in order to make it viable."). Thus, the Court finds that repleading would not cure the fundamental deficiencies in the complaint, and any amendment would be futile.

**CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is granted for lack of subject matter jurisdiction, leave to amend is denied as futile, and this case is dismissed in its entirety with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
        September 16, 2024

_____/s/_____
DORA L. IRIZARRY
United States District Judge

7